# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JEFFREY SCOTT,**
          **Plaintiff,**

**-vs-**                                  **Case No.  6:05-cv-683-Orl-18JGG**

**K.W. MAX INVESTMENTS,**
**INCORPORATED,**
**WILLIAM DAVIDSON,**
**MICHAELINE DAVIDSON,**
          **Defendants.**

---

**OTIS A. JONES,**
          **Plaintiff,**

**-vs-**                                  **Case No.  6:05-cv-765-Orl-18KRS**

**K.W. INVESTMENTS CORPORATION,**
**WILLLIAM DAVIDSON,**
**MICHAELINE DAVIDSON,**
          **Defendants.**

---

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**    **DEFENDANTS K.W. MAX INVESTMENTS, INC.'S, WILLIAM M. DAVIDSON'S, AND MICHAELINE DAVIDSON'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO ATTEND MEDIATION (Doc. No. 54) [Case No. 6:05-CV-683-Or-18JGG]**
>
> **FILED:**    **December 11, 2006**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**

> **MOTION:** DEFENDANTS K.W. MAX INVESTMENTS, INC.'S, WILLIAM M. DAVIDSON'S, AND MICHAELINE DAVIDSON'S MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO ATTEND COURT-ORDERED MEDIATION (Doc. No. 52) [Case No. 6:05-CV-765-Or-18KRS]
>
> **FILED:** December 8, 2006
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED.**

Defendants K.W. Max Investments, Inc., William M. Davidson, and Michaeline Davidson request sanctions against Plaintiffs Jeffrey Scott and Otis R. Jones for their failure personally to attend mediation in these cases, both of which are brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* The mediation in these cases was consolidated. Because the defendants seek coordinate relief from both plaintiffs, the motions are appropriately considered together. In the absence of Judge Glazebrook, who is assigned to Case No. 6:05-CV-683-Or-18JGG, and with the permission of the presiding district judge in each case, I will handle both motions.

In May 2005, both Scott and Jones filed complaints seeking recovery of allegedly unpaid overtime. Pursuant to order of the Court, mediation was scheduled in both cases to be conducted simultaneously. When the defendants and their counsel arrived at the mediation, counsel for the plaintiffs advised them that Scott would appear at the mediation telephonically, Scott doc. no. 54, and that Jones would not appear, Jones doc. no. 52.

Scott's counsel represents that as a result of an accident in mid 2006, Scott underwent leg surgery and was unable to ambulate without an assistive device. Scott doc. no. 55. Because of difficulties in arranging transportation, he was unable to attend the mediation in person. *Id*. Jones was

incarcerated in April 2006, and is currently scheduled to be released in February 2007. Jones doc. no. 52, 52-3.

In both cases, counsel for the plaintiff represented that he had been given full settlement authority. The parties continued with mediation, and the mediator declared an impasse. Scott doc. no. 53; Jones doc. no. 51. The mediator observed that Scott appeared by telephone and that Jones did not appear. *Id*.

Local Rule 9.05(c) provides that "[u]nless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals . . . shall be present at the Mediation Conference with full authority to negotiate a settlement." Similarly, the Case Management and Scheduling Order in this case provides that "[e]ach attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, ***shall*** attend and participate in the mediation conference. . . . The Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference." Doc. No. 36 at 10-11 (emphasis original).

Accordingly, both Scott and Jones should have personally appeared and participated in the mediation. If they were unable to attend in person, they should have filed a motion requesting that the requirement of personal appearance be excused. Instead, they did not seek leave of Court, notify opposing counsel and the mediator before the mediation of the problem, or make any other good faith attempt to reach an accommodation, such as rescheduling the mediation, if appropriate, so that Scott and Jones could attend.

Federal Rule of Civil Procedure 16(f) provides that when, as here, a party or a party's attorney fails to obey a scheduling or pretrial order, the judge "may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)."  Rule 16(f) further provides that "[i]n lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."  *Id.*  In the present case, the only sanctions the defendants seek are attorneys' fees and expenses expended in preparing for and attending the mediation.  For the reasons stated above, I find that the plaintiffs have not established that their failure to seek leave of Court to excuse their appearance at the mediation was substantially justified, and no other circumstances make an award of expenses unjust.

Accordingly, it is **ORDERED** that counsel for the parties shall confer in a good faith effort to resolve the reasonable expenses, including attorneys' fees and mediator's fees, incurred by the defendants in attending the mediation.  If the parties fail to reach an agreement, the defendants may file a motion for assessment of reasonable expenses, supported by evidence, on or before February 1, 2007.

**DONE** and **ORDERED** in Orlando, Florida on January 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties