# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JEFFREY SCOTT,**

**Plaintiff,**

**-vs-** **Case No. 6:05-cv-683-Orl-18JGG**

**K.W. MAX INVESTMENTS, INCORPORATED, WILLIAM M. DAVIDSON, MICHAELINE DAVIDSON,**

**Defendants.**

---

# ORDER

THIS CAUSE comes before the Court upon Defendants K.W. Max Investments, Inc. ("K.W. Max"), William M. Davidson and Michaeline Davidson's (collectively, "Defendants") Motion for Summary Judgment with Supporting Memorandum of Law (Doc. 33, filed June 14, 2006) to which Plaintiff Jeffrey Scott ("Plaintiff") responded in opposition. (Doc. 48-1, filed September 1, 2006.) Plaintiff brings this action against Defendants asserting one count under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") for unpaid overtime wages. After reviewing the motions and memoranda provided by the parties, the Court grants summary judgment to Defendants.

## I. BACKGROUND

Plaintiff was employed as a laborer by K.W. Max from June 2003 to January 2004 and then from May 2004 to June 2004. K.W. Max is a Florida corporation whose business purpose is to buy and re-sell residential homes and property in Florida. Mr. Davidson is the President of K.W. Max and Mrs. Davidson is its Secretary. Defendants allege that K.W. Max has had an

annual gross volume of sales or business done that is less than $500,000 for each year that it has been in existence since 1997.

During his period of employment, Plaintiff worked at two sites in Grant, Florida. At one site, a house on U.S. Highway 1, Plaintiff performed remodeling work and yard work. At the other site, a lot on an island in Grant, Plaintiff worked on the construction of a house. Specifically, Plaintiff claims that his work involved loading supplies and materials onto a barge that would transport them to the island. In addition, Plaintiff alleges that he would dig, pour concrete, and lay bricks to help build the house. Plaintiff acknowledges that he never left the state of Florida to carry out any of his job duties and he never used the telephone, internet, or mail in furtherance of his job duties.

Plaintiff claims that he regularly worked over forty hours per week, but was not compensated at the overtime rate (one and one-half times the regular rate) for the hours in excess of forty hours a week. Based on this claim, Plaintiff initiated this action against Defendants, alleging that Plaintiff was an employee engaged in commerce, or in the alternative, that K.W. Max is an enterprise engaged in commerce or in the production of goods for commerce. (Doc. 1, filed May 5, 2005.) However, Plaintiff's response to Defendants' motion for summary judgment includes a request for an opportunity to amend the Complaint in order to allege that K.W. Max and the Davidsons are joint employers under the FLSA. (Doc. 48-1 at

2.) Defendants subsequently filed a Memorandum of Law in Opposition to Plaintiff's Application to Amend Complaint.[1] (Doc. 50, filed September 8, 2006.)

## II. ANALYSIS

### *A. Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof,

---

[1]In deciding the present motion, the Court considers the arguments set forth by Plaintiff in support of his contention that the revenues of the Davidsons should be included in determining enterprise coverage, as well as the Defendants' response to those arguments.

however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

*B. The Fair Labor Standards Act*

Section 207(a) of the FLSA provides, in relevant part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in a enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). Thus, under this provision, "an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage." Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1265-66 (11th Cir. 2006) (footnote omitted). Individual coverage applies where an employee "is engaged in commerce or in the production of goods for commerce" and enterprise coverage applies where an employee "is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1). Plaintiff asserts that he is protected by the FLSA under both individual and enterprise coverage.

*1. Individual Coverage*

In order to be individually covered under the FLSA, a plaintiff must provide evidence that he was "(1) engaged in commerce or (2) engaged in the production of goods for commerce." Thorne, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)).

Specifically, "for an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce . . . or (ii) by regularly using the instrumentalities of interstate commerce in his work . . . ." Thorne, 448 F.3d at 1266. An employee may also be individually covered for being "engaged in the production of goods for commerce," if his "work is closely related and directly essential to the production of goods for commerce." Id. at 1268 (citing 29 C.F.R. § 776.18). For example, this category would include "those who repair or maintain the machinery or buildings used by the producer in his production of goods for commerce and employees of a security force that protects the producer's premises." Id..

Plaintiff has failed to establish that he was engaged in commerce. He has neither presented evidence that (i) he worked for an instrumentality of interstate commerce, nor that (ii) he regularly used the instrumentalities of interstate commerce in his work. Indeed, Plaintiff has admitted that he never left the state of Florida to perform his job and never had to mail letters, use the telephone, or use the internet in carrying out his duties. (Pl.'s Dep. 21:25-22:2, 26:7-13,

29:12-16.) Plaintiff never even purchased any of the materials that were used at the job site.[2] (Id. at 27:2-9, 38:15-17.) Therefore, Plaintiff has failed to establish that he was engaged in commerce under the FLSA.

Plaintiff has also failed to establish that he was engaged in the production of goods for commerce. K.W. Max is not a producer of goods for commerce and Plaintiff's duties simply involved assisting in the construction of one house and performing miscellaneous maintenance work on another house. Thus, Plaintiff was not engaged in the production of goods for commerce.

Accordingly, Plaintiff does not qualify for individual coverage under the FLSA.

*2. Enterprise Coverage*

Plaintiff also alleges that the FLSA applies to him under enterprise coverage. (Doc. 1 at 2.) The FLSA provides coverage where an enterprise (1) "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) "whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A)(i)-(ii).

The calculation of annual gross volume "consists of [an enterprise's] gross receipts from all types of sales made and business done during a 12-month period." 29 C.F.R. § 779.259(a).

---

[2]Even if Plaintiff may have handled building materials that had previously traveled in interstate commerce, that alone does not satisfy the requirement that Plaintiff engaged in commerce. "When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the [FLSA]." Thorne, 448 F.3d at 1267 (citing McLeod v. Threlkeld, 319 U.S. 491, 493 (1943)).

It includes "the gross dollar volume (not limited to income) derived from all sales and business transactions including, for example, gross receipts from service, credit, or other similar charges." Id. However, "[c]redits for goods returned or exchanged and rebates and discounts, and the like, are not ordinarily included in the annual gross volume of sales or business." Id.

Plaintiff has failed to satisfy the first requirement of enterprise coverage. As previously stated, Plaintiff was not engaged in commerce or in the production of goods for commerce. Moreover, Plaintiff has not offered any evidence that K.W. Max's employees were handling, selling or working on goods or materials moved or produced for commerce. In conjunction with his allegation that the Davidsons and K.W. Max were joint employers, Plaintiff relies solely on the Davidsons' personal income tax returns to allege that they derive investment income from interstate sources and that "therefore, Defendants engage in interstate commerce and are an interrelated enterprise covered by the FLSA." (Doc. 48-1 at 12.) This allegation is insufficient to create a genuine issue of material fact as to whether Defendants constituted an enterprise that has employees handling, selling, or working on goods that have been moved or produced for commerce.

In addition, the second requirement for enterprise coverage has not been met. Defendants have produced evidence that K.W. Max's annual gross volume of sales or business done is less than $500,000. (Doc. 33 at 8.) In his response, Plaintiff appears to acknowledge that K.W. Max's annual gross volume of sales or business done is indeed less than $500,000 by instead alleging, for the first time, that "[enterprise] coverage is established through the Davidsons' revenues over $500,000.00 from investments and activities . . . ." (Doc. 48-1 at 9.)

Even if it were proper to include the revenue of the Davidsons in calculating the annual gross volume of sales or business done, it would be improper to include sales of stocks and mutual funds from which proceeds were reinvested in other stocks and mutual funds. "All of the proceeds from the sale of investments identified on Schedule D and Schedule D-1 for the Davidsons' joint tax returns for 2003 and 2004 are from stocks and mutual funds that were sold and reinvested into other stocks and mutual funds." (Krack Aff. ¶ 2.) Therefore, these assets offer little indication of the size of any alleged business enterprise between the Davidsons and K.W. Max and should not be included in a calculation of annual gross volume of sales or business done.[3]

Thus, neither of the two requirements for enterprise coverage have been met. Accordingly, there is no enterprise coverage and summary judgment is appropriate.

[3]While no other case in the Eleventh Circuit appears to have addressed this particular issue, another court has held that "receipts from [] sales and exchanges of stocks and bonds should not be included. The fortuitous circumstance of the amount of sales or exchanges of stocks and bonds for reinvestment in a particular year would be little, if any, indication of the size of the business." Wirtz v. Columbian Mut. Life Ins. Co., 246 F. Supp. 198, 204 (W.D. Tenn. 1965).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED.** The Clerk of the Court is directed to **ENTER JUDGMENT** on behalf of Defendants and **CLOSE THE CASE.**

**DONE** and **ORDERED** in Orlando, Florida on this 6th day of February, 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties