# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEFFREY SCOTT,

Plaintiff,

-vs-                                                       Case No.  6:05-cv-683-Orl-18UAM

K.W. MAX INVESTMENTS, INC.,
WILLIAM DAVIDSON, MICHAELINE
DAVIDSON,

Defendants.

_____

OTIS A. JONES,

Plaintiff,

-vs-                                                       Case No.  6:05-cv-765-Orl-18KRS

K.W. MAX INVESTMENTS, INC.,
WILLIAM DAVIDSON, MICHAELINE
DAVIDSON,

Defendants.

_____

## REPORT AND RECOMMENDATION

### TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motions filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MOTION FOR ASSESSMENT OF REASONABLE EXPENSES (6:05-cv-683-Orl-18UAM, Doc. No. 59)** |
| **FILED:** | **January 31, 2007** |

<table>
<tr><td><strong>MOTION:</strong></td><td><strong>DEFENDANTS' MOTION FOR ASSESSMENT OF REASONABLE EXPENSES (6:05-cv-765-Orl-18KRS, Doc. No. 57)</strong></td></tr>
<tr><td><strong>FILED:</strong></td><td><strong>January 31, 2007</strong></td></tr>
</table>

## I. <u>PROCEDURAL HISTORY</u>

On May 5, 2005, Plaintiff Jeffrey Scott filed a complaint against Defendants K.W. Max Investments, Inc., William Davidson, and Michaeline Davidson, seeking to hold Defendants liable for failing to pay him overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA").  *Scott v. K.W. Max Investments, Inc.*, 6:05-cv-683-Orl-18UAM, Doc. No. 1.  On May 19, 2005, Plaintiff Otis A. Jones filed a similar FLSA action against the same Defendants under a separate case number.  *Jones v. K.W. Max Investments, Inc.*, 6:05-cv-765-Orl-18KRS, Doc. No. 1.

Defendants are represented by the same counsel in both cases.  Plaintiffs Scott and Jones have the same counsel.  The parties in the two cases scheduled one mediation conference for November 17, 2006.  Without first receiving leave of the Court, Scott appeared by telephone, and Jones failed to appear.  Counsel participated in the scheduled mediation, but the cases did not settle.

In December 2006, Defendants moved for sanctions in both cases for Scott and Jones' failure to appear in person at mediation.  *Scott*, Doc. No. 54; *Jones*, Doc. No. 52.  I granted Defendants' motions.  *Scott*, Doc. No. 56; *Jones*, Doc. No. 54.  I found that the plaintiffs failed to show that their nonappearances were "substantially justified" (pursuant to Federal Rule of Civil Procedure 16(f) and Local Rule 9.05(c)), and ordered counsel for the parties to confer in a good faith effort to resolve "the

reasonable expenses, including attorney's fees and mediator's fees, incurred by the defendants in attending the mediation." *Scott*, Doc. No. 56 at 4; *Jones*, Doc. No. 54 at 4. I also ordered Defendants to file a "motion for assessment of reasonable expenses, supported by evidence," on or before February 1, 2007, in the event that the parties could not agree on the amount to be paid. *Id.*

On January 31, 2007, Defendants filed motions for assessment of reasonable expenses in both cases. *Scott*, Doc. No. 59; *Jones*, Doc. No. 57. Defendants seek $2,507.25 from Plaintiff Scott for one half of the mediator's fee, as well as attorney's fees for "time spent preparing for mediation, time spent at the mediation, and time spent preparing the motion for sanctions." *Scott*, Doc. No. 59 at 4. Defendants seek $2,573.75 from Plaintiff Jones for the other half of the mediator and attorney's fees, and also for fees expended in preparing for mediation, attending the mediation, and preparing the motion for sanctions. *Jones*, Doc. No. 57 at 4.

Judge Sharp granted summary judgment in favor of the defendants in both cases. *Scott*, Doc. No. 60; *Jones*, Doc. No. 58. The Clerk entered judgment against each Plaintiff in favor of Defendants and closed both cases. *Scott*, Doc. No. 61; *Jones*, Doc. No. 59.

On February 9, 2007, Plaintiffs filed notices of appeal "to the United States Court of Appeals for the Eleventh Circuit from the Final Judgment in Defendant[s'] favor entered in this action on February 7, 2007." *Scott*, Doc. No. 62; *Jones*, Doc. No. 60. Plaintiffs' counsel, electronically filing the "Notice of Appeal" in both cases, captioned the docket entries as "NOTICE[S] OF APPEAL as to . . . Order on motion for summary judgment [and] Judgment." *See id.*

On February 12, 2007, Plaintiffs filed amended notices of appeal. The notices are similar to Plaintiffs' original notices of appeal, stating that Plaintiffs are appealing "to the United States Court of Appeals for the Eleventh Circuit from the Final Judgment in Defendant[s'] favor entered in this

action on February 7, 2007." *See Scott*, Doc. No. 63; *Jones*, Doc. No. 61.  This time, Plaintiffs'

counsel, in electronically filing the amended notices of appeal, captioned the docket entries in both

cases as "AMENDED NOTICE[S] OF APPEAL as to . . . Order on motion for summary judgment,

. . . Order on motion for sanctions, [and] Judgment." *See id.*

On the same day, Plaintiffs also filed memoranda in opposition to Defendants' motions for

assessment of reasonable expenses. *Scott*, Doc. No. 64; *Jones*, Doc. No. 62.  Plaintiffs argue both that

the fees and rates claimed by Defendants are not supported by evidence and that the district court lacks

jurisdiction to assess the amount of expenses because Plaintiffs have filed notices of appeal.  *Id.*

On May 15, 2007, the Eleventh Circuit dismissed the *Jones* appeal for lack of jurisdiction

based on pending counterclaims.  *See Jones* Doc. No. 71.  The *Scott* appeal is still pending.  On May

15, 2007, Defendants moved to reopen both cases for the purpose of dismissing the counterclaims

without prejudice.  *Scott*, Doc. No. 75; *Jones*, Doc. No. 72.  The district court granted Defendants'

motions on May 21, 2007.  *Scott*, Doc. No. 76; *Jones*, Doc. No. 73.  I now consider the motions in

both cases.

## II.   **JURISDICTION PENDING APPEAL**

As mentioned above, Plaintiffs ask the Court to deny Defendants' motions because they claim

that their filing of the notices of appeal divested the district court of jurisdiction to resolve "all issues

involved in the appeal." *Scott*, Doc. No. 64; *Jones*, Doc. No. 62.  I first note that because the *Jones*

appeal has been dismissed, Plaintiffs' objection regarding jurisdiction is inapplicable as to that case.

In the interest of efficiency, however, the cases are appropriately considered together.

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with

respect to any matters involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56,

58 (1982); *United States v. Hitchmon*, 587 F.2d 1357, 1359 (5th Cir. 1979)[1]; *Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir. 1972); *see also Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir., Unit A 1981). On matters related to the appeal, the district court retains "only the authority to act in aid of the appeal, to correct clerical mistakes or to aid in the execution of a judgment that has not been superseded." *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n, Inc.*, 895 F.2d 711, 713 (11th Cir. 1990) ; *see also Silverthorne*, 460 F.2d at 1178 (quoting and subscribing to the district court's analysis that the district court may "take any steps during the pendency of the appeal that will assist the court of appeals in the determination of the appeal.").

The situation in *Scott* is analogous to the taxation of fees and costs pursuant to Federal Rule of Civil Procedure 54(d) during the pendency of an appeal on the underlying merits of an action. Claims for fees and costs made pursuant to Federal Rule of Civil Procedure 54(d) are typically allowed to the prevailing party after the claims before the district court are resolved. *See* Fed. R. Civ. P. 54(d)(1)-(2); *see also Knighton v. Watkins*, 616 F.2d 795, 797-98 (5th Cir. 1980) (stating that fees motions pursuant to 42 U.S.C. § 1988 are treated as motions for costs under Rule 54(d)). The district court may tax costs and award fees pursuant to Rule 54 after a notice of appeal has been filed. *See Rothenberg v. Sec. Mgmt. Co., Inc.*, 677 F.2d 64, 64-65 (11th Cir. 1982); *see also* Fed. R. Civ. P. 54 (d)(2) advisory committee's note (1993 Amendments).[2]

---

[1]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions handed down by the former United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. Decisions by the Unit B panel of the former Fifth Circuit are binding precedent as well. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir. 1982).

[2]     The Advisory Committee Notes to Federal Rule of Civil Procedure 54(d)(2) (governing the filing of motions for fees and non-taxable expenses) provide guidance on the effect

The current cases are also analogous to an interlocutory appeal, which does not "completely divest the district court of jurisdiction." *Green Leaf Nursery v. E.I. DuPont de Nemours*, 341 F.3d 1292, 1309 (11th Cir. 2003).  During the pendency of an interlocutory appeal, "[t]he district court has authority to proceed forward with portions of the case not related to the claims on appeal . . ." *Id.* (quoting *May v. Sheahan*, 226 F.3d 876, 880 n.2 (7th Cir. 2000)).  In *Jones* and *Scott*, prior to the filing of the notice of appeal (and even prior to the district court's orders on summary judgment), the Court had already awarded the expenses as sanctions, and the defendants had already filed their motions seeking a determination of the reasonable amount of expenses.  The assessment of a reasonable amount of sanctions that have already been awarded is distinct from and will not affect the issue on appeal – whether the award of sanctions was appropriate.

I conclude that the district court has jurisdiction to resolve the current motions, pending the appeal in *Scott*.  Considering the appeal of the order on motion for sanctions, however, I recommend that Plaintiffs be ordered to pay the full amount of sanctions (as determined by a ruling on the current motions) within twenty days after entry of a mandate by the Eleventh Circuit Court of Appeals in both cases (assuming Plaintiff *Jones* files a renewed notice of appeal).

─────────────────────────

of a notice of appeal on the merits.  The Notes state that:

> [i]f an appeal on the merits of the case is taken, the [district] court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54 (d)(2) advisory committee's note (1993 Amendments)**.**

III.    **ATTORNEYS' FEES**

Defendants seek $2,507.25 from Plaintiff Scott and $2,573.75 from Plaintiff Jones for the services provided by their counsel, Daniel P. O'Gorman, Esq., and paralegal, Rebecca Bastian, related to their preparation for mediation, attendance at mediation, and preparation and filing of the motions for sanctions. *Scott*, Doc. No. 59 at 2-4; *Jones*, Doc. No. 57 at 2-4. In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount – commonly referred to as the "lodestar" – may then be adjusted to reflect other considerations, including "the results obtained" and the quality of representation. *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) (citing *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)); *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).  Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433.  "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.  Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted).

In addition, "fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with

sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* at 1303.  Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney.  *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).  Throughout the calculation of the lodestar, the Court remains cognizant that it is itself an expert on the question, and may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation. *Loranger*, 10 F.3d at 781; *Norman*, 836 F.2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002) (stating that it is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees.

### A.    Hourly Rate

O'Gorman, according to the motions (both of which he signed), has twelve years of litigation experience, has practiced exclusively in the area of employment law since 1996, and has been a partner at the law firm of Ford & Harrison since 2004. *Scott*, Doc. No. 59 at 3; *Jones*, Doc. No. 57 at 3.  He has served as an adjunct professor and has published articles on employment law.  He claims an hourly rate of $250.

Bastian avers that she has over twelve years of experience "in the legal field," and for six of those years, she worked as a paralegal.  Doc. No. 57-4 ¶ 3.  She has worked as a paralegal for Ford & Harrison since May 2001.  *Id.* ¶ 5.  Bastian claims an hourly rate of $95.  In the motions, O'Gorman notes that the rates of $250 and $95 have been previously approved by this Court for Plaintiffs' counsel, Konstantine Pantas, Esq., and Pantas' paralegal.  *See Scott*, Doc. No. 59 at 2-3; *Jones*, Doc. No. 57 at 2-3;  *see also Reyes v. Falling Star Enters., Inc.*, No. 6:04-cv-1648-Orl-KRS, 2006 WL

2927553, at *3 (M.D. Fla. Oct.12, 2006); *Kittredge v. County Transp. Group, Inc.*, 6:06-cv-1705-Orl-28KRS, 2007 WL 1427048, at *4 (M.D. Fla. May 11, 2007).

Defendants are correct.  In other FLSA cases, this Court has previously determined that a reasonable rate for attorney Pantas' services, considering the Orlando legal market, is $250.00 per hour.  *See Reyes* at *3; *Kittredge* at *3. The Court has also previously approved an hourly rate of $95.00 for work performed by Pantas' paralegal.  *See Reyes* at *4; *Kittredge* at *4.  O'Gorman and Bastian have comparable backgrounds and experience to (if not more extensive experience than) Pantas and Pantas' paralegal.  Considering the Orlando legal market, awards in similar cases, and the quality of work performed in this case, hourly rates of $250.00 for O'Gorman and $95.00 for Bastian are reasonable.

### B.       Reasonable Number of Hours

O'Gorman also submitted itemized time sheets in both cases indicating the work performed related to the mediation and the preparation of the motion for sanctions.  The time sheets reflect that he worked 6.7 hours in *Scott* and 6.7 hours in *Jones*, and Bastian worked 2.05 hours in *Scott* and 2.75 hours in *Jones*.[3]  *Scott*, Doc. No. 59-3; *Jones*, Doc. No. 57-3.

Plaintiffs argue that the amounts are unsupported by evidence because the time sheets submitted to the Court differ from the time sheets submitted to Plaintiffs' counsel prior to filing the motion.  *Scott*, Doc. No. 64 at 2; *Jones*, Doc. No. 62 at 2.  Plaintiffs' argument is correct in some respects.  While it appears that Defendants' counsel attempted to divide hours worked in both cases

---

[3]       Jones did not attend the mediation because he was incarcerated.  In preparation for the motion for sanctions, Bastian spent 0.7 hours reviewing Department of Corrections inmate information related to Jones.  *See Jones*, Doc. No. 57-3 at 2.  The time sheets for both cases are otherwise identical.  *See Scott*, Doc. No. 59-3; *Jones*, Doc. No. 57-3.

evenly between the two cases, this was not always done properly.  The time sheet for work performed in both cases (the Combined Time Sheet), *Jones*, doc. no. 62-3; *Scott*, doc. no. 64-3, reflects that Bastian worked 1.3 hours on 12/8/2006.  Yet, she recorded 1.15 hours in each individual time sheet, *Jones*, doc. no. 57-3; *Scott*, doc. no. 59-3, which totals 2.3 hours, rather than 1.3 hours.  Similarly, the Combined Time Sheet reflects that O'Gorman worked 2.3 hours on 12/6/06, yet he recorded 1.65 hours in each individual time sheet, which totals 3.3 hours, rather than 2.3 hours.  I find that the time worked as recorded on the Combined Time Sheet is reasonable.  I will use those time entries to determine the attorneys' fee to be awarded and divide the award equally between the two cases, except that the .7 hours of work performed by Bastian on 11/22/06 should be assessed only in the *Jones* case.

O'Gorman worked 12.40 hours in the combined cases.  Multiplied by the reasonable hourly rate of $250.00, results in a lodestar attorneys' fee of $3,100.00.  Dividing this fee equally results in $1,550.00 in fees awarded in each case for O'Gorman's work.

Bastian worked 3.10 hours in the combined cases.  Multiplied by the reasonable hourly rate of $95.00, results in a lodestar fee of $294.50 for Bastian's work.  Dividing this fee equally results in $147.25 in fees awarded in each case for Bastian's work.  Bastian worked another .7 hours in the *Jones* case, which results in an additional lodestar fee in that case of $66.50.

In total, therefore, Defendants should receive $1,763.75 in attorneys' fees in *Jones*, and $1,697.25 in *Scott.*

### C.    Expenses

Defendants also ask for $1,275.00 ($637.50 in *Scott* and $637.50 in *Jones*) for the mediator's fee, and they submitted the mediator's invoice for that amount.  *Scott*, Doc. No. 59-5; *Jones*, Doc. No. 57-5.  This Court has already awarded Defendants the mediator's fee.  *See Scott*, Doc. No. 56 at 4;

*Jones*, Doc. No. 54 at 4.  Plaintiffs should therefore also pay $637.50 in *Scott* and $637.50 in *Jones* for the mediator's fee.

## IV.   <u>CONCLUSION</u>

Accordingly, I respectfully recommend that Defendants' motions in both cases, *Scott v. K.W. Max Investments, Inc.*, 6:05-cv-683-Orl-18UAM, Doc. No. 59 and *Jones v. K.W. Max Investments, Inc.*, 6:05-cv-765-Orl-18KRS, Doc. No. 57, be **GRANTED**, and that Plaintiffs be ordered to pay a total of $4,736.00 in sanctions ($2,334.75 in *Scott* and $2,401.25 in *Jones*) within twenty days after entry of a mandate by the Eleventh Circuit Court of Appeals in *Scott* and within twenty days after the Court's ruling on this Report and Recommendation in *Jones*, unless a renewed notice of appeal is filed in *Jones*.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 29th, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable G. Kendall Sharp
Counsel of Record
Unrepresented Party
Courtroom Deputy